IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY DROBLYN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-302-BN |
| | § | |
| ROCK-TENN SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
ON MOTION FOR LEAVE TO EXTEND SCHEDULING
ORDER DEADLINE AND MOTION TO COMPEL DISCOVERY**

Plaintiff Amy Droblyn has filed a Motion for Leave to Extend Scheduling Order Deadline and Motion to Compel Discovery from Defendant Rock-Tenn Services Inc. *See* Dkt. No. 20. In her motion, Plaintiff requests that the Court retroactively extend the deadline to complete discovery from December 20, 2013 to March 15, 2014 and to compel Defendant to fully respond to her Second Requests for Admissions and Second Set of Interrogatories, served on December 17, 2013. Plaintiff urges that the requested deadline extension is supported by good cause because Defendant has failed to produce relevant documents responsive to her first requests for production and that Plaintiff only became aware of many of the documents after the September 2013 deposition of Joshua Denton and post-deposition discovery production. *See* Dkt. No. 20-1 at 6. Defendant has filed a response, *see* Dkt. No. 22, Plaintiff has filed a reply, *see* Dkt. No. 24, and this motion is ripe for determination.

Plaintiff's second set of discovery requests, served on Defendant on December

1

17, 2013, were untimely under the Court's scheduling order. The March 18, 2013 Initial Scheduling Order clearly states that "[a]ll discovery must be initiated in time to be completed by **December 20, 2013.**" Dkt. No. 11 at 3 (emphasis in original). A responding party has 33 days from the date of service in which to object and respond to Federal Rule of Civil Procedure 34 requests for production and Federal Rule of Civil Procedure 33 interrogatories that are served by facsimile or mail. *See* FED. R. CIV. P. 5(b)(2)(C); FED. R. CIV. P. 6(a) & (d); FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). Where service was effective on December 17, 2013, Plaintiff's responses were not due until January 21, 2014 – after the discovery cutoff in this case.

Plaintiff appears to partially concede this untimeliness, explaining that "Plaintiff's counsel served these requests on Defendants before the discovery period had closed but had misinterpreted the fact that the responses were [due] after December 20, 2013 [which] was outside of the Scheduling Order's deadline, a fact that Defendant's counsel slyly neglected to point out during [their] email [ex]change." Dkt. No. 20-1 at 7. Plaintiff therefore requests the Court retroactively extend the discovery deadline. She contends that "Plaintiff's counsel acquiesced to extending important deadlines for the Defendant's counsel," that Defendant made no timeliness objections to the second discovery requests at the time they were discussed or served, and that the additional discovery became necessary after depositions conducted in September 2013 revealed that Defendant had failed to fully produce documents previously requested. *See id.* at 10-12.

A scheduling order "may be modified only for good cause and with the judge's

consent." FED. R. CIV. P. 16(b)(4). The Court also has authority under Rules 33(b)(2) and 34(b)(2)(A) to shorten response times, and courts have applied the general Fed. R. Civ. P. 16 good cause standard when considering requests to alter discovery deadlines. *See, e.g.*, *Kennedy v. Full Tilt Poker*, No. CV09-07964 MMM (AGRx), 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010). To meet the good cause standard, Plaintiff must show that, despite her diligence, she could not reasonably have met the scheduling order's deadline. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003).

Here, the Court finds that Plaintiff has not made this showing. Plaintiff's own factual recitations make clear that she could have – but did not – serve these additional discovery requests in time to be completed prior to the deadline set by the Court. That is, at the very latest, Plaintiff was aware of her alleged need to request additional discovery in mid-September 2013 – over three months before the expiration of the Court's discovery deadline. *See* Dkt. No. 20-1 at 6 & 11-12.

If Plaintiff is urging that good cause is established by Defendant's failure to fully and properly respond to her first discovery requests – which somehow necessitated the late-filed second requests – that is an entirely separate matter. Defendant is obligated to supplement its interrogatory responses and production of documents under Federal Rule of Civil Procedure 26. *See* FED. R. CIV. P. 26(e)(1)(A). It appears that Defendant has recognized this duty and has been attempting to supplement its initial discovery responses. *See* Dkt. No. 24-1 at 4. The Court does not read Plaintiff's December 17, 2013 discovery requests, or, for that matter, her motion to compel, to seek the

3

"documents, e-mails, text messages and other electronically stored information (ESI) from Rock-Tenn Services Inc. (Rock-Tenn)" that were requested on January 23, 2013. *See id.* at 3-4. That Defendant allegedly "had still not produced all of the documents and ESI requested by Plaintiff," *id.* at 5, may or may not be relevant to compelling that discovery production but does not establish good cause for the failure to timely submit <u>additional</u> discovery requests.

On this record, Plaintiff has not established that, despite her diligence, she could not reasonably have met the scheduling order's deadline to serve additional discovery requests in time to be completed by December 20, 2013. The Court will not exercise its discretion to extend the discovery cutoff in the Initial Scheduling Order, which has been in place since March 18, 2013. *See* Dkt. No. 11.

And that District Judge Jane J. Boyle inadvertently issued a Scheduling Order on December 13, 2013 after the case had been transferred to the undersigned, *see* Dkt. Nos. 18 & 19, does not alter this determination. Judge Boyle vacated that order on Monday, December 16, 2013, after entering it on Friday, December 13, 2013, explaining: "On December 13, 2013, the Court entered a Scheduling Order in this case (doc. 18), however, the case had been transferred to Magistrate Judge Horan by consent of the parties pursuant to 28 U.S.C. § 636(c) on March 13, 2013 (doc. 8). This case is pending before Judge Horan for all purposes." Dkt. No. 19.

To avoid any confusion going forward, the parties are advised that no dates set by Judge Boyle's December 13, 2013 vacated order remain in place, that trial has not been set in this case, and that, pursuant to the parties' consent [*see* Dkt. Nos. 6 & 8]

4

and 28 U.S.C. § 636(c), the undersigned will preside over all matters in this case, including any trial.

Plaintiff is mistaken that Defendant was required to seek a protective order under Federal Rule of Civil Procedure 26(c) where it had timely objected to each request in the second set of discovery requests as untimely. *See* FED. R. CIV. P. 37(d)(1)-(2) ("The court where the action is pending may, on motion, order sanctions if: ... (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, <u>fails to serve its</u> answers, <u>objections</u>, or written response. ... A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." (emphasis added)). And Plaintiff's suggestion that Defendant was required to object to discovery requests before they are served is not well taken.

Because Plaintiff's Second Requests for Admission and Plaintiff's Second Set of Interrogatories were untimely filed, and the untimeliness objection raised to each request was not waived by Defendant, the Court will not compel Defendant to respond those discovery requests.

The Court does not believe that the award of attorneys' fees and expenses under Federal Rule of Civil Procedure 37 is appropriate at this time. The requests for attorneys' fees by Plaintiff, *see* Dkt. No. 20 at 3-4, and by Defendant, *see* Dkt. No. 22 at 12, are DENIED.

Plaintiff's Motion for Leave to Extend Scheduling Order Deadline and Motion

5

to Compel Discovery From Defendant Rock-Tenn Services Inc. [Dkt. No. 20] is

DENIED.

      SO ORDERED.

      DATED: February 28, 2014

 

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE